On Application for Rehearing.
Pochií, J.
In our decree affirming the judgment of the Court a qua, we recognized the right of plaintiff to participate with Hart & Hébert’s other creditors in the distribution of their assets, and by an oversight, we omitted to correct errors of calculation made by the District Judge, *910 in fixing the share of such assets accruing to plaintiff, and partially admitted by the latter’s counsel, to which our attention has been called by defendants’ counsel in an application for rehearing.
The practical effect.of our judgment is intended to place plaintiff, Bothick, on the same footing with all the creditors of Hart & Hebert, in the proceeds realized or to be realized from the sale of the property surrendered by them for the benefit of their creditors.
Justice, therefore, requires an amendment of our decree, and as comidicated calculations are necessary for the purpose of determining the precise amount to which plaintiff is entitled as his share in said fund, we conclude that this branch of the case should be referred to the District Court, and our former decree is therefore set aside.
And it is now ordered that so much of the judgment appealed from as adjudicates the special amounts to be received by plaintiff from the-defendants be annulled, avoided andreversed; and it is further ordered that-in so far as said judgment recognizes and enforces the right of plaintiff to- participate pro rata with other creditors of Hart & Hebert, in the proceeds of the sale of the property of said I-Iart & Hebert, as well of the funds already distributed as those to be distributed by defendants among creditors, it be affirmed; and it is ordered that the case be remanded to the lower court for the purpose of making such distribution in accordance with the views expressed in this opinion. Opsts of appeal to be paid by plaintiff.
Eehearing refused.
Levy, J., absent.